Thank you, and good morning everyone. We have three cases scheduled for argument this morning. The first is number 21-191, Everytown for Gun Safety Support Fund v. Fort. Could counsel, is counsel prepared to proceed? Yes, your honor. Thank you. I was uncertain how to pronounce your name. Could you say your name for me? Yes, ma'am. It's Wisniewski. Wisniewski. Mr. Wisniewski, would you please proceed? Absolutely. Thank you. Good morning, your honors. May it please the court. Cody Wisniewski with Mountain States Legal Foundation on behalf of appellants. At its core, this case is about preserving the right to intervene of distinct non-majority interests that are not and cannot be adequately represented by the federal government. I'll address two points before the court this morning, your honors. First, this circuit's standard of review and denials of intervention as of right cases. And second, the lack of adequate representation of the federal government in this case. Before you get to the substantive aspects, could you tell us about the kind of procedural standing right now? I gather that proceedings are stayed in the district court until fairly soon and that there's been no adoption of a final rule by the bureau. Is that right? That is correct, your honor. The case was stayed in April of 2021. There's a joint status report due in February of, or sorry, this month. The court withdrew all motions for summary judgment without prejudice during the stay. And there is a rule that is currently being considered that may affect the underlying subject matter here. It was proposed last year and we are awaiting a final rule on that matter. So, you know, we also just received a 28-J letter suggesting that intervention on the procedural front here is an intervention of right is subject to proceedings in a case called Berger versus North Carolina, scheduled for argument in the Supreme Court. I don't know if you saw that. It was just filed, but you're likely aware of that case. Yes, your honor. I did see that come in late last night. I did have an opportunity to review the case in the briefing. That case does deal with an intervention issue, but predominantly the intervention issue in that case is a conflict between the state's chosen representative and who the federal courts are deeming as- But it does go to the question of the standard of review, doesn't it? That is correct, your honor. So the, I believe it's the second question presented goes to the standard of review. The fourth circuit where that case originated is like the second circuit where it sits in minority of circuits and reviews denials of intervention as a right for an abuse of discretion rather than de novo. The majority of circuits, including the 5th, 6th, 7th, 8th, 9th, 10th, 11th, and DC circuit all reviewed de novo. So it is possible that the Supreme Court could address the standard there. I will say, your honor, that the majority of the briefing in that case is limited to the question of this state representative versus adequate representation by a separate party. I understand, but, you know, when there is a Supreme Court decision, there's often language, which is not the necessary language for the decision of the case and which we don't need to follow if it's just language, on the other hand, that can inform the way we look at the case or should inform to some extent the way we look at the case. Is that so? Correct, your honor. I have another question, though. You spoke, you just at the very beginning, you said about the government, but I'm interested about what the effect of the intervenor that the court did permit to join in. That is, to what extent are we to look only to whether the government deals with the issues that you want to have dealt with and to what extent do we also look at what there is already somebody there that is dealing with some. They may not be the same, but in terms of intervention, isn't that relevant too? Your honor, it may be, but in this scenario, our intervention was fully briefed and actually denied prior to Polymer 80 being in the case. So when the judge considered the facts before him and the law before him, he considered it without the inclusion of Polymer 80. Well, that may be, but we can affirm on any ground that we want. This isn't an administrative thing where we have to, under Chenery, send it back. So if it would be correct now to deny, I'm not saying it is because you may be different, but we could affirm the denial of the basis of what we have before us now, even though the court didn't. And so I hope you'll address what the effect of the intervenor is on your request. Absolutely, your honor. First and foremost. I'm sorry. Go ahead and answer Judge Calabrese's question, please. First and foremost, your honor, Polymer 80 does not. So that was the party that was included. They are somewhat similar to Blackhawk Manufacturing, one of my clients. Polymer 80 does not and cannot adequately represent the interests of the individuals or the membership organization. Those individuals have distinct interests that are separate from somebody that produces the objects at issue. These are individuals that attested below that they have purchased them and have self-manufactured items from those objects. So they are very distinct from Polymer 80. What is the difference? I understand that you are making constitutional arguments. They are making more administrative law arguments and so on. But in terms of what happens, what is the difference between what they want and what you want? Your honor, we're not exactly making constitutional arguments. That was something that was addressed below and that became an issue that we really didn't raise. We are firmly within the bounds of the APA and we understand that. The individuals at issue here make arguments that are different. They have different reliance interests on the continued application of the are separate from the federal government. Those are separate from Polymer 80 and those are legitimately considered in this circuit, according to the New York Public Interest Research Group. The other side, your honors, is that we are making a pure interpretation of law argument, which the federal defendants have not made and Polymer 80 doesn't make in the same way that we do. This isn't merely just a different litigation strategy. Plaintiffs are trying to paint this as just choosing a different argument. But in reality, if the district court were to decide this matter under Chevron deference, it would require the court to make two really important holdings. First, the court would have to find that the definition of firearm at issue is legally ambiguous. Second, the court would have to find that the federal government's interpretation of that definition is reasonable. Not that it's the best interpretation, nor that it's even legally required, just that it's a reasonable one. Is your argument that even if we were to decide those things in the other way, that you would still be able to win because of what you would be arguing directly on the statute? Is that your point? Correct, your honor. We make a distinct and separate argument that requires distinct and separate legal holdings that will affect the industry and my clients for years to come. But to what extent is that in a way hijacking the argument that they want to make? That is, you know, one of the reasons for not allowing intervention is these people have brought a suit, which has its own merits and sense to it. And maybe that could be decided and maybe you ought to bring a separate suit. Then what is the reason for requiring you to join in and make this suit be the one that you understandably want to bring? Two points in progress, your honor. First, in APA litigation and with intervention, parties are very limited with what they're able to do procedurally. And so intervention is a tool, as you know, that's commonly used in APA litigation of this type. It's regularly used when federal agencies are sued over rules. Second, your honor, is just efficiency. It's significantly more efficient for the federal government, as well as for your honors and courts around the nation to address these issues in single cases. It makes a lot more sense to have all of these. Isn't that a question that goes to permissiveness? It could, your honor. Yes. In terms of efficiency, if the new rule is issued in two weeks, you know, would any harm befall your clients from us holding a decision until a new rule is issued and the district court decides what it's going to do? Because it seems to me that much of the core of this litigation, its shape would change if not be mooted. What would be wrong with holding decision? That could harm my clients, your honor. Right now, we've been excluded from the litigation below. So we were able to participate solely as an amicus. We've attempted to participate in some of the status reports and whatnot, but have been excluded from those prior. But the litigation's been on hold now for almost a year, right? Correct, your honor. But if a final rule were to be published, as you said, in two weeks, my clients would need to be able to react immediately to it and to address the questions that would arise of mootness or of applicability below. Right now, we don't have that ability. And so if this court were to reverse and grant my clients intervention or require the lower court to, we would be poised to be able to address those. Has the district court precluded your reapplication for intervention as of right in the, if the circumstances change and a new rule is issued? The lower court has not done so explicitly, your honor. There is some case law in this circuit that causes there to be a question on what renewed or what new information would justify that. A new rule here such as has been proposed would change the shape of litigation substantially, wouldn't it? Potentially, your honor. Yes. Depending on the content of the rule. Okay. But so you're, the harm that your client would suffer by our holding decision is that if there is a change in circumstances, it might take you too long to have your voice heard again, even though you could file as amicus. Correct, your honor. So we would be entirely excluded from the discussions around mootness. Depending on the posture that takes or how those develop, whether that's in a negotiation outside of court or in court, we might not even have the opportunity to file an amicus brief in that instance. So we could be entirely excluded from that conversation. I guess I don't quite understand that. Why would you not be able to file an amicus brief as quickly as anyone else would be able to file any statement in response to the adoption of a new rule? I suppose your honor, we could seek leave to file an amicus brief just in general because of the new rule, but that would also, there would be no motion or necessarily movement in the case to base that on because the parties could simply seek to settle the case outside of litigation. And if they did so without my clients being in that case, we would have no ability to participate. And also it could be argued that just because you filed an amicus brief wouldn't mean that some issues were preserved for a possible appeal to the Supreme Court. That is an amicus does not preserve issues in the way that somebody who is a party, so that that might be something that would be a difference. Why don't you take a few extra minutes, even though the red light is on, and address why the government isn't, assuming no new rule issues, address why we shouldn't apply a presumption of adequacy of that you are defending. Absolutely, your honor. And thank you very much. This court could, sorry, apply a presumption. It should not in this instance, because the federal defendants have not invoked that. They haven't. So a plaintiff's attempt to rely on the parents Patriot doctrine, which has never been sui sponte invoked to my knowledge by another party. It has always been invoked by the state actor or the federal actor. Federal defendants have never opposed our intervention in this case. And in parallel litigation in California, they actually supported our intervention. And they specified that they didn't adequately represent our interests. But that was different litigation in here. We owe the district court some latitude in terms of managing its own docket and the litigation, which could become really quite sprawling. You say it's more efficient to include your client here as a party, but the district court made a different judgment. I guess the standard of review comes into play there. But if we were to apply a presumption of adequacy of representation, what would you point to, to rebut that presumption? Your honor, we would point to the argument I just made previously regarding deference. So courts have, so in the Ninth Circuit, for example, in California extra law cure, the court determined that the federal government relying or leaning heavenly on a doctrine of deference should be considered in the question of adequate representation. So I would point to the Chevron deference, your honors. I'd appoint to the economic interest, which this circuit has recognized in New York Public Interest Research Group, which district courts in New York have recognized and circuits around the nation, Sierra Club, VSB in Fifth Circuit, Driftless Land Area Conservancy in the Seventh Circuit have all recognized those distinct economic interests. My clients also have a reliance interest on this rule, and that's been recognized by this circuit in Bridgeport Guardians, was recognized by the Ninth Circuit and was recently validated by the Supreme Court and Department of Homeland Security Regents. Finally, your honors, I'd point to the shift. There has been a clear shift as we've noted in this promulgation of the rule that potential that seeks to give plaintiffs nearly every portion of their relief that they're shift demonstrates along with Chevron, along with economic and along with reliance, that the federal defendants just don't adequately represent my clients in this case, even overcoming a presumption and even under an abusive discretion standard, your honors. If we were to grant your motion while the case is on hold, am I right that it's being stayed pursuant to an agreement of the parties? Is that right? Correct, your honor. Would you now then be in a position to say, no, we don't agree and we think this litigation should go forward and would that have the effect of scuttling the stipulation to stay below? I suppose as a full party, your honor, we could seek to disturb that stay. I will say that we have no intention on disturbing that stay at this time until the final rule is published. It makes sense for the, uh, the status quo to remain as it is. Thank you very much. We'll hear from the partner. Thank you. Good morning, your honors. And may it please the court. I'm Kathleen Hartnett on behalf of the plaintiffs appellees, which are the every town entities in the cities. Um, your honor, the district court's order denying intervention is not an abusive discretion and it should be affirmed. If I may, I might just pick up where some of the questioning left off and directly address some of the points that you were discussing with opposing council. I think, um, one point I'd like to emphasize is the question that the, the, um, suggestion that somehow there's a Chevron difference in what they would be arguing versus the government is, is just not true. In fact, it's somehow that that takes away an argument that they would have if, uh, on our brief and at page 29, we noted that the government here is actually arguing as a matter of statutory construction that their, um, their, their administrative actions are appropriate under the statute. And then only in the alternative should Chevron be invoked. And so if anything, the federal government here is actually making two arguments as to why it's administrative actions should be upheld. Whereas, um, you know, opposing council here is indicating that proposed intervenors would only make one of those arguments. And so it's not as if here, there'd be some additional argument, not already before the court that that, um, party would be making. But, but I'm a bit puzzled as to why the district court permitted the second group of intervenors to join and denied this one. I'm just trying to, you know, they, district courts have much discretion, but I'm not sure that they have discretion to admit somebody because they like them and not admit somebody because they don't like them. And I'm a bit, you know, can you just help me out on that? No, that's a very good point, Your Honor. And of course having, whether they like or don't like someone would be an abusive discretion, but that's not at all what the district court did here. And I think kind of just going through the timeline is appropriate and also looking at how carefully the district court adjudicated the specific circumstances of each proposed intervenor. So the, the law that we challenged these, um, administrative actions, the government was fully defending them. It's issued a, it filed a summary judgment brief. It's filed a reply brief, all supporting its actions at the time that proposed intervenors before you today sought to intervene. They argued that there was an adequate representation and yet there was no basis for seeing that the government was doing its job. It was defending the actions and there was, and then there was no separate interest or argument that the proposed intervenors identified. And then in addition, they sought to, um, at the time it appeared, inject second amendment arguments that weren't before the court. What happened then was, um, Polymer 80 had not actually yet thought to intervene. It could have, and we argued that in fact it waited too long. The government then began an enforcement action. It raided Polymer 80's facilities and it began, it placed Polymer 80 under criminal investigation. Polymer 80 then moved to intervene and Judge Woods, which we opposed, we said it was untimely and they should have tried sooner. And Judge Woods in his, um, order indicated that because Polymer 80 is the subject of three of the challenged actions before the court, unlike any of the clients of proposed intervenors, and because the government was actually in the course of intervention, the court would allow Polymer 80 into the case, uh, due to very unique circumstances that Polymer 80 provided. And so from our perspective, again, even though we opposed that largely due to timeliness, uh, Polymer 80's presence in this case now does make sense. There is a reason for including Polymer 80 and excluding proposed intervenors. And moreover, Polymer 80 is there. What arguments are there for these people also to join in? We heard them say there were some, what is your reaction to that? Well, I think those are not, um, those are not well taken, Your Honor. Polymer 80's, um, unique interest here that is identified by the district court was both that its letters were the subject of the action and also this criminal investigation. But I think what's important is the key, um, thing that these proposed intervenors here have cited as distinguishing them from the millions of people in America who may have an interest in regulation of gun rights and who could seek to intervene is that they had some unique economic interest. They were the manufacturers and distributors of ghost guns and ghosts. They are saying something about the individuals who would want to do this. What is there anything to that argument? Not at all, Your Honor. Certainly nothing that would actually allow the intervention. I think just to try to be clear on the point, the thing that distinguished in proposed intervenors mind them from the ordinary person on the street that also may have an interest in whether or not those guns are regulated is that they had some sort of special economic interest. That was their argument. We in our briefs explained why that actually doesn't hold up because the economic interest is in fact subsumed into the government's defense. But nonetheless, it was the economic interest that was the key thing that these proposed intervenors cited as the basis for intervention. When Polymer 80 now also, uh, entity with an economic interest is in the case, all that's left that the proposed intervenors would add would be the view of people that, um, are firearms owners. And again, if you look at it from that perspective, the fact that someone is a firearms owner can't be enough to support a, um, intervention or else there'd be millions of people that would all be entitled to intervene in this case or cases like it. And so even though, sorry, I just want to get your view about what the effect of the issuance of the new rule would have and whether we should wait for that. Um, it also suggests that, uh, the interests of, um, the ATF, the old ATF and the new ATF have, uh, changed and that, um, that might rebut the presumption of, uh, adequacy representation. Uh, could you just speak to that general concern about what develops in that scenario? Yes, your honor. And we do think it would be, um, especially in light of, um, the Supreme court's consideration of Berger, it could be prudent for the court just to hold this case in advance until there's further proceedings below. And so we can see whether there will in fact be ongoing litigation in light of the rule, which pertains to the definition of firearm. And, um, but I think at this point, there still is no basis for necessarily assuming that the government won't continue to defend these administrative actions. Uh, in particular, the three letters issued to Polymer 80, uh, until we see exactly what happens below. And so at this point, um, again, the presumption actually. Does it matter in terms of intervention that there is at least a possibility, I mean, not just speculative, of a government change because of which the position that the government takes would no longer be the full position that a party wants. Now that itself may be changed by the fact that other interveners are now there, but leaving that aside for the moment, as a general matter, should the presumption apply as much in a situation where, uh, there are administrative proceedings going on that may change the government position, or should we treat that as being a rebuttal of a presumption that is there? I think the presumption still exists, as long as the government, um, so in this case, we have, uh, you know, a challenge interpretive rule and three, um, three determination letters. And to date, I should note within the current administration, it was in March of last year when they filed their reply brief, they were defending all of those as appropriate under the gun control act. And so I think that under the case law, at least the settled law of this circuit, when the government is defending the actions, I mean, there's a presumption in general, and I guess it could be rebutted if you were to show that the government actually had ceased defending the actions or was willing to capitulate, that would overcome the presumption. But I think the important piece of the presumption is, is the government here and is it serving as a, um, rather than as a corporate counterparty, it's here on behalf of the people defending and then, uh, an action by an administrative agency. And so in that circumstance, the presumption exists and to overcome that, it would be up to the proposed intervenors to show that there was some, uh, lack of adequate defense. Can you help me with something else? I've never been a district judge. I never set foot in a courtroom until I became a judge. I was just a teacher. What's the big deal about allowing somebody to come in? Why, why is that something we should worry about? Why shouldn't district judges just let people in fairly easily? And as I say, maybe just my general ignorance, uh, but can you help me? No, I'm far, I'm sure you're far from ignorant there, Your Honor. But, um, but I think the briefing in Berger that you, I'm sure we'll find interesting in the, before the Supreme Court now does kind of go back to first principles of intervention, which of course is touched on in our case, but this is, you know, uh, I think the point is that lawsuits are brought by the people that bring them and they're defended by the people that are sued. And that in certain cases, it does make sense to allow other parties who are, have a separate interest, something separate that can't be, um, captured by what the parties are doing, but that could be adversely affected without them being there. So the kind of... Okay. So if that's what it is, what is it that these people, uh, might be doing that in effect hijacks the case and moves the case away from the case that the original parties and the permitted intervenors are arguing? Well, I think there's both what these particular parties would be doing, but also the kind of broader effect of allowing such a permissive scheme for intervention, which is not what rule 24 contemplates because under their reasoning, we have only four people, uh, four parties before the court today, two gun owners, um, association of gun owners and a manufacturer of ghost gun kits and components. So you could say, okay, just let these in, let polymer ADN, what's the problem. But that, if that's actually the bar, the low bar that would be set, then you have many other ghost gun manufacturers that also might be concerned. There's concerned citizens on both sides of the issues. And it ends up really creating, um, if it were this, the scheme, there'd be chaos because you'd have any, there'd be a ability for anyone to make the case that these, um, proposed intervenors are that they do things differently. I suppose you end up with multi-district litigation, actually. I mean, we have the ninth circuit proceedings have been ongoing. There's similar suits that have been filed. And, um, that, that becomes a whole different, if not legislative process, a very different judicial process. If you, uh, open your arms too wide and, uh, uh, uh, treated as a, uh, kind of a different, uh, a different kind of proceeding where you were looking for nationwide relief. Correct, John. And I actually think that's a good analogy was that this is not an administrative proceeding or rulemaking that we filed below. It was a lawsuit seeking to enjoin and seek relief about, you know, for particular actions. And so right in a, in a case of a rule coming out from administrative agency, people are allowed to comment. And here, I think it's really important to look back at what the district court actually did because it was an appropriate, um, you know, exercise of discretion. He carefully considered the arguments that this, um, set of proposed intervenors were making and made clear why he wasn't anything that they were offering that wasn't fairly within the case already. And then when he was faced with a different, um, proposed intervenor in different circumstances, he exercised his discretion that way. He allowed this party to permit, um, to, to submit their views as amicus. And so I would just respectfully submit that this, this is a good example of how a district court carefully considering what makes sense in terms of case management to ensure that the issues are all adequately aired. The judge wants to hear all the arguments, so he doesn't get it wrong, but that the proceeding below doesn't become some sort of a circus in which anybody with an interest in gun rights is now able to come in because they have a different idea of how the case might proceed. And to be clear, does your client get harmed if we were to hold decision until either the Supreme Court issues its decision in Berger or, uh, you know, depending what the district court does, uh, and what the, uh, signals are about the issuance of a new rule. Um, does that affect your client adversely? No, Your Honor. We, we were open to having in this appeal state. And in fact, had reached out to the other side and suggested that as we noted in our footnote, but they had sought to proceed. But now that we're briefed up and argued, um, we see no harm from having this court hold this case. I would note though, as we point in our letter, um, you know, even at the most lower standard, the least favorable to us of if you were to look at it, DeNovo, and you weren't even to apply a presumption. I think key here is that polymer is in this case, they're going to be there going forward. And the court could affirm with the comfort of knowing that, um, this position that proposed intervenors here would like to have before the court will already be fully before the court in the form of polymer. The question was raised about whether if conditions change, uh, these, uh, seeking to be intervenors could re-raise the issue in the district court. Um, what is your position on that? We, we have no opposition. I mean, it would have to be, as I think one of your honors had pointed out something significant. So it would be up to the district court to entertain that. But I think if, if the Supreme court said something that changed it, or if there were a change in the ATF rules, these might be things which would allow them to raise the question again. Yes, your honor. I would say it'd have to be a significant change in the form of the government, either changing its position with respect to defending this action, polymer 80 dropping out or something that would be significant enough to really create an issue that a perspective that was needed was not before the court. Thank you. We thank you very much. Thank you very much. Uh, we'll hear rebuttal. Thank you, your honors. Two quick points on rebuttal. As judge Calabrese noted, the district court permitted polymer 80 to intervene, but not my clients. We argue that this is a clear indication of its abuse of discretion. This circuit evaluates permissive had received three determination letters, right? He clearly had a distinct interest in this case. Was your client similarly situated? Yes, your honor. My client has also received those same classification letters. Those letters are at issue in the record, which we've cited in our briefing. And so, and we intervened prior to, or sought intervention prior to where they court when it turned you down, our letters were not specifically challenged by plaintiffs because that was outside of the statute of limitations. However, in all like APA litigation like this, our letters are just at issue as a polymer 80s. If the court finds for plaintiff, our letters could be just as undermined as polymer. Yes, but we're looking to whether the district court decided correctly and it could have decided correctly on the basis of what was before it at that time. And then the other interveners came in and brought in some other stuff. And the fact that you could have, or those were there wouldn't make the district court wrong. Your honor, the only thing that polymer 80 brought in that was different than us was that they were being actively investigated by the federal government. And I can't imagine that the bar for permissive intervention in the second circuit is set on active litigation against the party to establish inadequate representation. Now we're not asking for a low bar like plaintiffs are saying the plaintiff's argument is that is an expansion of intervention and it's a catch 22. They just argued that we intervened too early to establish inadequate representation. And then also argued that they opposed polymer 80 for being too late in order to meet the tests that they propose. Every proposed intervener would have to wait until their interests were already infringed. This Goldilocks zone, don't you agree that many different parties across the United States have economic and safety interests that are at issue in this litigation and that it would be reasonable for any number of entities to seek to intervene. Why should we say yes to you and disallow the district court's allow him to say no to other people? Your honor, the district court found in our favor on three out of the four elements of intervention as a right. And on the, in the majority of its consideration and permissive intervention, the only things that it didn't find, it found that we were timely, that we had legally protectable interests and those that those interests would be infringed. Those are all legal tests that the district court can use to, to bar people from entering the litigation that shouldn't be there. The only element is that many other parties could satisfy that. They just haven't sought to intervene. Potentially your honor. And it's, it is possible that if there were other parties in the case when, if we had waited to intervene, then the district court might have considered those interests. But we were the only intervener when we saw intervention and our order was denied before any other party was allowed. Okay. Thank you very much. Thank you for your arguments. Well argued. Yes. Well argued. Well argued on both sides. Thank you. And we'll reserve decision.